**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAR 4 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHERI POE, on behalf of herself and all others similarly situated, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, <br><br> Defendant - Appellee. | No. 23-3124 <br><br> D.C. No. 8:21-cv-02065-SPG-E <br><br> MEMORANDUM* |
| CHERI POE, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, <br><br> Defendant - Appellant. | No. 23-3243 <br><br> D.C. No. 8:21-cv-02065-SPG-E |

Appeal from the United States District Court
for the Central District of California
Sherilyn Peace Garnett, District Judge, Presiding

Argued and Submitted February 5, 2025
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: SCHROEDER, MILLER, and DESAI, Circuit Judges.

Plaintiff-Appellant Cheri Poe seeks to represent a class of life insurance beneficiaries who claim that Defendant Northwestern Mutual Life Insurance Company breached their insurance policies by declining to pay them benefits. Northwestern Mutual had terminated the policies for nonpayment of premiums, but Poe contends these terminations were ineffective because the insurer failed to comply with California Insurance Code sections 10113.71 and 10113.72 ("the statutes"). Poe appeals the district court's denial of class certification, and Northwestern Mutual cross appeals the district court's summary judgment in favor of Poe.

The outcome of this appeal is controlled by our recent decision in *Small v. Allianz Life Insurance Company of North America*, 122 F.4th 1182 (9th Cir. 2024). There, we held that to prevail on breach of contract claim like Poe's, plaintiffs must establish the statutory violations caused them harm. *Id.* at 1193 ("[A] plaintiff must demonstrate that they did not knowingly or intentionally let the policy lapse such that the Insurer's compliance . . . would have caused the plaintiff to pay their premiums and retain the policy."). *Small* requires us to affirm the denial of class certification and vacate the summary judgment order as well as the resulting judgment on the merits in favor of Poe. Just as in *Small*, class certification was not appropriate here because individualized causation issues

predominate.  *See id.* at 1199–1200.  In granting summary judgment, the district court did not consider whether Northwestern Mutual's violations caused Poe harm, so the case must be remanded for the court to consider causation.  *See id.* at 1193.

Poe attempts to distinguish *Small* on the basis that the relevant breach in *Small* was a violation of the statutes, while the claimed breach here is Northwestern Mutual's failure to pay benefits.  This is a distinction without a difference.  In both cases, plaintiffs' theory was that due to the statutory violations, the policies remained in effect, and the insurer breached the policies by not paying benefits.  *See id.* at 1192, 1194.  This is precisely the theory of recovery *Small* rejected.  *Id.* at 1196.

The motions for judicial notice (Docket Entry Nos. 86 and 95) are granted.

The motion to certify to the California Supreme Court (Docket Entry No. 99) is denied.

**AFFIRMED in part and VACATED and REMANDED in part.**